UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BARBARA ANN COX, )
)
    Plaintiff, )
)
v. ) No. 3:06-CV-494
) (Phillips)
OLD DOMINION FREIGHT LINE, INC, )
And KELLY CRADIC, )
)
    Defendants. )

## MEMORANDUM AND ORDER

In this diversity action plaintiff alleges that she was wrongfully terminated from her employment in retaliation for pursuing workers' compensation benefits. Additionally, plaintiff alleges that her termination was in violation of the Tennessee Handicap Act and Tennessee Human Rights Act because the defendants mistakenly and wrongly believed that she had an impairment that substantially limited her employment and they discriminated against her based on that perceived disability. Plaintiff further alleges that her supervisor, Kelly Cradic, conspired, aided and abetted the defendant employer in discriminating against her. This matter is before the court on various motions filed by the parties: (1) plaintiff's motion to remand to state court [Doc. 5]; (2) defendant Kelly Cradic's motion to dismiss [Doc. 8]; and (3) plaintiff's motion to file supplemental authority [Doc. 12].

**I**

As an initial matter, plaintiff has moved for leave to file supplemental authority in support of her motion to remand to state court [Doc. 12]. For the good cause stated, the motion is **GRANTED.**

## II

The court will next address defendant Kelly Cradic's motion to dismiss. In support of the motion, defendant Cradic asserts that Tennessee law does not provide for individual liability against supervisors under the Tennessee Handicap Act; plaintiff's complaint does not allege a claim under the Tennessee Human Rights Act that is separate and distinct from her Tennessee Handicap Act claim, and therefore, plaintiff is not entitled to rely upon the "aiding and abetting provisions of the Tennessee Human Rights Act to assert a claim for individual liability against her; and Tennessee law does not recognize a claim by a subordinate for individual liability against a supervisor based on alleged retaliatory discharge for pursuing workers' compensation benefits.

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Defendant Cradic asserts that she cannot be held individually liable for retaliatory discharge under the facts alleged in plaintiff's complaint. Defendant is correct that under Tennessee law, supervisors cannot be held individually liable for retaliatory discharge because the supervisor is not plaintiff's "employer" as defined by state law. *See Baines v. Wilson County,* 86 S.W.3d 575, 582 (Tenn.App. 2002). Therefore, plaintiff's complaint does not establish that she may recover against Cradic individually on her retaliatory discharge claim.

Nor can Cradic be held individually liable under the Tennessee Human Rights Act or the Tennessee Handicap Act. As a general rule, supervisors cannot be individually liable under the Tennessee Human Rights Act. *Jenkins v. Nashville Public Radio,* 2005 WL 3358871 (M.D. Tenn. Dec. 9, 2005). Likewise, the Sixth Circuit has held that "individual

supervisors who do not independently qualify under the statutory definition of employer may not be held personally liable" under the Americans with Disabilities Act.[1]

*See Ford v. Frame,* 2001 WL 92178 (6th Cir. Jan. 26, 2001); *Lee v. Michigan Parol Bd.,* 2004 WL 1532563 (6th Cir. June 23, 2004). In a factually similar case, the Tennessee Court of Appeals rejected plaintiff's assertion that individuals other than "employers" can be held liable under the "aiding and abetting" provisions of the Tennessee Human Rights Act. *See Satterfield v. Bluhm,* 2004 WL 833291 (Tenn.App. Apr. 16, 2004). In *Satterfield*, the employee sued for wrongful termination, alleging he was discharged because he was asked to submit to a physical examination and was deemed physically unable to perform his job, even though he had been performing satisfactorily. In rejecting plaintiff's claims for liability against individual defendants, the court noted that plaintiff relied upon §§ 4-21-302 and 311 of the Tennessee Handicap Act to invoke the Tennessee Human Rights Act and its aiding and abetting provisions to impose liability on individual defendants in addition to his employer. The Tennessee Court of Appeals explained:

> In this regard, it must be noted that the THA only specifically includes the rights provided in Tenn. Code Ann. §§ 4-21-302 - 4-21-311, and the aiding and abetting provision is found in Tenn. Code Ann. § 4-21-301. While our Supreme Court has previously recognized generally that the "THA embodies the definitions and remedies provided by the Tennessee Human Rights Act (*see Barnes v. Goodyear Tire and Rubber Co.,* 48 S.W.3d 698 (Tenn. 2000)), it appears from the express language of the THA that the aiding and abetting provisions

---

[1] Tennessee courts look to the American with Disabilities Act for guidance in construing and enforcing the Tennessee Handicap Act. *Barnes v. Goodyear Tire and Rubber Co.,* 48 S.W.3d 698, 705 (Tenn. 2000).

> contained in the THRA do not apply to a claim of handicap discrimination.

*Id.* at *4. It is clear that Tennessee law precludes individual liability against Cradic for violation of the Tennessee Handicap Act and the Tennessee Human Rights Act. Because plaintiff has failed to present any authority to support a colorable claim against Cradic individually under Tennessee law, the motion to dismiss defendant Cradic will be **GRANTED.**

### III

Plaintiff has moved to remand this matter to state court on the basis that defendant Cradic is a Tennessee resident and this court therefore lacks diversity jurisdiction. However, as stated above, plaintiff has not pled a viable cause of action against defendant Cradic. The Sixth Circuit has recognized the judicially-created doctrine of fraudulent joinder that provides an exception to the requirement of complete diversity if the removing party can show that a plaintiff could not have established a cause of action against the non-diverse defendant under state law. *See Coyne v. American Tobacco Co.,* 93 F.3d 488, 493 (6th Cir. 1999); *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).

In *Jerome-Duncan, Inc., v. Auto-By-Tel, LLC,* 176 F.3d 904 (6th Cir. 1999) the Sixth Circuit noted that the doctrine of fraudulent joinder is applicable in three situations: (1) when there is no colorable basis for a claim against the non-diverse defendant; (2) when

a plaintiff engages in outright fraud in pleading jurisdictional allegations; and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant). *Id.* As stated above, plaintiff's complaint states no viable cause of action against Cradic under state law, thereby permitting removal of this action to federal court. Accordingly, plaintiff's motion to remand this action to state court is **DENIED.**

## Conclusion

For the reasons stated above, plaintiff's motion to file supplemental authority [Doc. 12] is **GRANTED**; defendant Kelly Cradic's motion to dismiss [Doc. 8] is **GRANTED**, whereby Kelly Cradic is **DISMISSED** as a defendant in this action; and plaintiff's motion to remand to state court [Doc. 5] is **DENIED.** The clerk is **DIRECTED** to set this matter for a scheduling conference.

**IT IS SO ORDERED.**

                        **ENTER:**

                                    s/ Thomas W. Phillips
                                  United States District Judge